IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Cincinnati Women's Services, Inc., *et al.*, | : | |
| | : | Case No. 1:98-cv-289 |
| Plaintiffs, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Granting in Part and Denying in |
| Ohio Governor Mike DeWine, *et al.*, | : | Part Motion for Relief from Judgment |
| | : | |
| Defendants. | : | |

This matter is before the Court on Defendants' Motion for Relief from Judgment under Rule 60(b)(5).  (Doc. 157.)  It arises after the seismic change in abortion law rendered by the Supreme Court in *Dobbs v. Jackson Women's Health* Organization, 142 S. Ct. 2228 (2022). Defendants seek the Court to vacate the December 14, 2006 Order enjoining enforcement of the Single-Petition Rule set forth in Ohio Revised Code § 2929.121(C)(4).  They also seek the Court to vacate the October 10, 2007 Agreed Order Re: Fees and to compel Plaintiffs to pay back the $284,279.86 attorney fees and costs they were awarded in 2007.  For the reasons that follow, the Court will **GRANT IN PART** and **DENY IN PART** the Motion for Relief from Judgment.  The Court will vacate the Order enjoining enforcement of § 2919.121(C)(4) in light of *Dobbs*, but it will not order Plaintiffs to pay back attorney fees and costs.

I.      BACKGROUND

A.      **Ohio House Bill 421 and the Single-Petition Rule**

Plaintiffs filed this case to challenge two provisions in a 1998 Ohio law regulating abortions, House Bill 421 ("H.B. 421").  The first provision, the Single-Petition Rule, provided that minors seeking a judicial bypass of the statutory parental-consent requirement for abortion could only file one petition per pregnancy with the juvenile court.  Ohio Revised Code

§ 2919.121(C)(4) ("No juvenile court shall have jurisdiction to rehear a petition concerning the same pregnancy once a juvenile court has granted or denied the petition.").  Prior to 1998, Ohio law did not restrict the number of times a minor could petition for a judicial bypass of the prior parental-notification requirement.  *See Cincinnati Women's Services, Inc. v. Taft*, 468 F.3d 361, 364 (6th Cir. 2006).  The second provision, the In-Person Rule, required women seeking abortions to attend an in-person meeting with a physician for informed-consent purposes.  Ohio Rev. Code § 2317.56(B)(1) (stating, in part, a requirement that "[a]t least twenty-four hours prior to the performance or inducement of the abortion, a physician meets with the pregnant woman in person in an individual, private setting and gives her an adequate opportunity to ask questions about the abortion that will be performed or induced").

### B.    Procedural History Prior to *Dobbs*

In April 1998, Plaintiffs filed their Complaint and a Motion for Preliminary Injunction seeking to enjoin enforcement of the Single-Petition Rule and the In-Person Rule in H.B. 421. (Doc. 1, 4.)  Plaintiffs alleged that both provisions were unconstitutional because they imposed an undue burden on the right to obtain an abortion pursuant the Supreme Court's decision in *Planned Parenthood of Southeast Pennsylvania v. Casey*, 505 U.S. 833 (1992).  The case was originally assigned to the Honorable Sandra S. Beckwith.  The litigation was stayed for several years while Ohio developed rules to implement the judicial-bypass procedures in H.B. 421.

Subsequently, following a six-day bench trial in February 2005, Judge Beckwith held that neither the Single-Petition Rule nor the In-Person Rule imposed an undue burden under *Casey*. (Doc. 123.)  She entered Judgment in favor of Defendants on September 8, 2005.  (Doc. 124.) Plaintiffs timely filed a Notice of Appeal.  (Doc. 128.)  Upon appeal, the Sixth Circuit reversed in part the decision by Judge Beckwith.  The Sixth Circuit held that Single-Petition Rule was

facially unconstitutional under *Casey* because it "act[ed] as a substantial obstacle to a woman's right to an abortion in a large fraction of the cases in which the single petition [was] relevant." *Cincinnati Women's Servs.*, 468 F.3d at 370.  However, the Sixth Circuit also held that In-Person Rule was not unconstitutional under *Casey*.  *Id.* at 373.[1]

Upon remand, on December 14, 2006, Judge Beckwith issued the Order enjoining enforcement of the Single-Petition Rule:

> Pursuant to the ruling of the Sixth Circuit, this Court hereby declares Ohio Rev. Code § [2919.12l(C)(4)] to be facially unconstitutional and permanently enjoins defendants and their employees, agents, servants and those acting in concert with them from enforcing Ohio Rev. Code § [2919.12l(C)(4)].  The Court also enjoins the defendants and their employees, agents, servants, and those acting in concert

---

[1]  The Sixth Circuit more fully explained the *Casey* standard as follows:

*Planned Parenthood of Se. Pa. v. Casey,* 505 U.S. 833, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992), sets the standard that we are bound to apply in facial challenges to abortion restrictions.  In *Casey,* the Supreme Court set forth the test that must be applied in analyzing whether a restriction placed on a woman's constitutional right to an abortion is an "undue burden" on that right, thereby rendering the restriction facially unconstitutional.  *Id.* at 878, 894–95, 112 S.Ct. 2791.  The Supreme Court determined that, because "[l]egislation is measured for consistency with the Constitution by its impact on those whose conduct it affects," when analyzing abortion restrictions, "[t]he proper focus of constitutional inquiry is the group for whom the law is a restriction, not the group for whom the law is irrelevant."  *Id.* at 894, 112 S.Ct. 2791.  Therefore, if, "in a large fraction of the cases in which [the abortion restriction] is relevant, it will operate as a substantial obstacle to a woman's choice to undergo an abortion," then reviewing courts should find that the restriction is an "undue burden, and therefore invalid."  *Id.* at 895, 112 S.Ct. 2791.  This test has come to be known as the *Casey* "large fraction" test.

* * *

Like the majority of other circuits, this Court too has followed *Casey's* large-fraction test in analyzing facial attacks on abortion regulations.  In deciding whether a pre-viability abortion restriction passes facial constitutional muster, we "determine whether 'in a large fraction of the cases in which [the ban] is relevant, it will operate as a substantial obstacle to a woman's choice to undergo an abortion.'"  *Women's Med. Prof'l Corp. v. Voinovich,* 130 F.3d 187, 196 (6th Cir.1997) (quoting *Casey,* 505 U.S. at 895, 112 S.Ct. 2791).  This has been our repeated and continuous practice.

* * *

Thus, our path is clear:  We must follow *Casey's* large-fraction test in analyzing the facial challenge to the two abortion restrictions before us.  Accordingly, we assess whether Ohio's abortion restrictions present a substantial obstacle to obtaining an abortion for a large fraction of the women for whom the restrictions are relevant.  *Casey,* 505 U.S. at 895, 112 S.Ct. 2791.

*Cincinnati Women's Servs.*, 468 F.3d at 367–369.

with them from enforcing the following language in Ohio Rev. Code
§ 2919.12l(C)(l):  "that the minor has not previously filed a petition under this
section concerning the same pregnancy that was denied on the merits."

The Court enters judgment in favor of plaintiffs with regard to their challenge to
Ohio Rev. Code § 2919.121(C)(4), but in all other respects, the Court reaffirms its
judgment of September 8, 2005 in favor of defendants.

(Doc. 140 at PageID 2000–2001.)[2]

After entry of the Order, the parties briefed the issue of attorney fees.  The Court

originally awarded Plaintiffs attorney fees in the amount of $313,121.00 and costs in the amount

of $11,158.86, but the Defendants appealed that award to the Sixth Circuit.  (Doc. 149 at PageID

2166; Doc. 151.)  In October 2007, the parties voluntarily dismissed the appeal and jointly

moved the Court to enter their proposed Agreed Order Re: Fees.  (Doc. 153.)  On October 10,

2007, the Court entered the Agreed Order re: Fees, which is signed by both Plaintiffs' and

Defendants' attorneys:

Plaintiffs and the State Defendants have reached an agreement regarding the
amount to be paid in attorney fees and expenses and have dismissed their appeal.
Pursuant to the terms of the agreement, the Court Orders that the State Defendants
(Not Hamilton County Prosecutor Joe Deters) shall pay to Gerhardstein & Branch
Co. L.P.A., the sum of Two Hundred Seventy Three Thousand One Hundred
Twenty One Dollars ($273,121.00) for attorney fees and Eleven Thousand One
Hundred Fifty Eight Dollars and Eighty-Six Cents ($11,158.86) for expenses, for
a total of Two Hundred Eighty Four Thousand Two Hundred Seventy Nine
Dollars and Eighty Six Cents ($284,279.86) in satisfaction of the Judgment.

(Doc. 154 at PageID 2176.)

## C.    *Dobbs* Decision and Defendant's Motion for Relief from Judgment

On June 24, 2022, the Supreme Court issued *Dobbs*, which expressly overruled *Casey*

and *Roe v. Wade*, 410 U.S. 113 (1973).   142 S. Ct. at 2242, 2279, 2284.   The Court held that

"the Constitution does not confer a right to abortion" and that "the authority to regulate abortion

---

[2]  The original Order contains two typographical errors referring to § 2929.121(C)(4) in two instances instead of
§ 2919.121(C)(4).

4

must be returned to the people and their elected representatives." *Id.* at 2279. The majority

reasoned in part as follows:

> The Constitution makes no reference to abortion, and no such right is implicitly
> protected by any constitutional provision, including the one on which the
> defenders of *Roe* and *Casey* now chiefly rely—the Due Process Clause of the
> Fourteenth Amendment. That provision has been held to guarantee some rights
> that are not mentioned in the Constitution, but any such right must be "deeply
> rooted in this Nation's history and tradition" and "implicit in the concept of
> ordered liberty." *Washington v.* Glucksberg, 521 U.S. 702, 721, 117 S.Ct. 2258,
> 138 L.Ed.2d 772 (1997) (internal quotation marks omitted).
>
> The right to abortion does not fall within this category. . . .
>
> *Stare decisis*, the doctrine on which *Casey*'s controlling opinion was based, does
> not compel unending adherence to *Roe*'s abuse of judicial authority. *Roe* was
> egregiously wrong from the start. . . .
>
> It is time to heed the Constitution and return the issue of abortion to the people's
> elected representatives. "The permissibility of abortion, and the limitations, upon
> it, are to be resolved like most important questions in our democracy: by citizens
> trying to persuade one another and then voting." *Casey*, 505 U.S. at 979, 112
> S.Ct. 2791 (Scalia, J., concurring in judgment in part and dissenting in part). That
> is what the Constitution and the rule of law demand.

*Id.* at 2242–2243.

Following *Dobbs*, Defendants filed the pending Motion for Relief from Judgment. (Doc.

157.) They contend that the December 14, 2006 Order enjoining enforcement of the Single-

Petition Rule set forth in Ohio Revised Code § 2919.121(C)(4) must be vacated because the

*Casey* decision upon which it was based was overruled by *Dobbs*. They further seek to recoup

the attorney fees they agreed to pay pursuant to the Agreed Order Re: Fees. Plaintiffs oppose

both vacating the injunction and repayment of attorney fees. (Docs. 161, 162.) The matter is

fully briefed and ripe for adjudication. The case was reassigned to this Court after the Motion

for Relief from Judgment was filed. (Doc. 158.)

## II.     ANALYSIS

### A.     Relief from Judgment Enjoining Enforcement of the Single-Petition Rule

The Court first will determine whether to grant Defendants relief from the judgment

enjoining enforcement of the Single-Petition Rule set forth in Ohio Revised Code

§ 2919.121(C)(4) based on the change in abortion law created by *Dobbs*. The Court may relieve

a party from a final judgment or order pursuant to Federal Rule of Civil Procedure 60(b)(5) if

"the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that

has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ.

P. 60(b)(5). "It is appropriate to grant a Rule 60(b)(5) motion when the party seeking relief from

an injunction or consent decree can show 'a significant change either in factual conditions or in

law.' A court may recognize subsequent changes in either statutory or decisional law." *Agostini*

*v. Felton*, 521 U.S. 203, 215 (1997) (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367,

384 (1992)). "A court errs when it refuses to modify an injunction or consent decree in light of

such changes." *Id.* (citing *System Fed. No. 91, Ry. Emp. Dep't, AFL-CIO v. Wright*, 364 U.S.

642, 647 (1961)).

The analysis of this issue is straightforward. Judge Beckwith enjoined enforcement of

the Single-Petition Rule set forth in § 2919.121(C)(4) following the Sixth Circuit decision that it

was unconstitutional. (Doc. 140 at PageID 2000.) The Sixth Circuit held it was unconstitutional

by applying the *Casey* undue burden test. *Cincinnati Women's Servs.*, 468 F.3d at 369–371. The

Supreme Court then changed the legal landscape in *Dobbs* by expressly overruling *Roe* and

*Casey* and holding that the Constitution did not provide a right to abortion. 142 S. Ct. at 2242,

2279, 2284. It would be an error for the Court not to vacate the injunction in these circumstances

now that *Casey* has been overturned. *See Agnosti*, 521 U.S. at 215 (stating it is error not to

modify an injunction when there has been a significant change in law).) "The principle that an equitable remedy should be enforced only so long as the equities require is one that is deeply rooted in the traditions of common law." *Preterm-Cleveland v. Yost*, No. 1:19-CV-00360, 2022 WL 2290526, at *1 (S.D. Ohio June 24, 2022) (quoting *In re Detroit Auto Dealers Ass'n, Inc.*, 84 F.3d 787, 789 (6th Cir. 1996)).

The *Preterm-Cleveland* case, which involves a 2019 Ohio abortion law known as the Heartbeat Protection Act or Senate Bill ("S.B.") 23, is instructive. "In a nutshell, S.B. 23 bans abortion care at and after approximately six weeks in pregnancy." *Preterm-Cleveland v. Yost*, 394 F. Supp. 3d 796, 799 (S.D. Ohio 2019), *vacated by*, 2022 WL 2290526, at *1. Reproductive health care clinics and physicians providing abortion care brought an action to enjoin enforcement of S.B. 23 in 2019, three years prior to *Dobbs*. *Id*. at 799–800. Relying upon the law set forth in *Casey*, the district court determined that S.B. 23 places an undue burden on a woman's right to choose a pre-viability abortion and that the plaintiffs "were certain to succeed on the merits of their claim." *Id*. at 803. The district court enjoined enforcement of S.B. 23 on July 3, 2019. *Id*. at 804. But after *Dobbs* was decided, the district court dissolved the injunction under Rule 60(b)(5) on June 24, 2022. 2022 WL 2290526 at *1. The district court explained: "*Dobbs* expressly overruled *Roe v. Wade*, 410 U.S. 113, 93 S. Ct. 705, 35 L.Ed.2d 147 (1973) and *Planned Parenthood of Southeastern Pa. v. Casey*, 505 U.S. 833, 112 S. Ct. 2791, 120 L.Ed.2d 674 (1992), the two seminal cases upon which the Court relied to find a likelihood of success on the merits, which, in turn, supported injunctive relief." *Id*.[3] In this case too, the Order enjoining enforcement of the Single-Petition Rule was based upon *Casey*. Because *Casey*

---

[3] The fact that enforcement of S.B. 23 subsequently was preliminarily enjoined by the Hamilton County Court of Common Pleas on the basis of the Ohio Constitution does not change this analysis. *Preterm-Cleveland v. Yost*, No. A2203203, Preliminary Injunction Order (Hamilton Cty., Ohio C.P. Oct. 12, 2022). Whether the Single-Petition Rule violates the Ohio Constitution is not at issue in this case. (Doc. 123 at PageID 1917.)

was overruled by *Dobbs*, the injunction here must be dissolved.

**B.     Recoupment of Attorney Fees**

Defendants also request an order vacating the Agreed Order Re: Fees and compelling Plaintiffs to pay back $284,279.86 in attorney fees and costs.  The Court will not vacate the Agreed Order Re: Fees.  Plaintiffs were prevailing parties who secured an injunction against enforcement of the Single-Petition Rule for more than fifteen years.  The *Dobbs* decision does not change that history.  Additionally, Defendants reached a voluntary settlement as to the fees award.  They, along with Plaintiffs, submitted a Joint Motion requesting the Court to approve the Agreed Order Re: Fees.  (Doc. 153.)  Defendants must abide by their agreement to settle the fees issue.  Accordingly, the Court concludes that it would be inequitable for purposes of Rule 60(b)(5) to allow Defendants to recoup the attorney fees and costs they paid.

**III.     CONCLUSION**

For the foregoing reasons, Defendants' Motion for Relief from Judgment under Rule 60(b)(5) (Doc. 157) is **GRANTED IN PART AND DENIED IN PART**.  The Motion is granted insofar as the December 14, 2006 Order (Doc. 140) is vacated and the injunction is dissolved, but it is denied insofar as the Agreed Order Re: Fees (Doc. 154) is not vacated.  The Court grants judgment to Defendants on the Complaint except that Plaintiffs are entitled to retain their attorney fees and costs pursuant to the Agreed Order Re: Fees.

**IT IS SO ORDERED.**

BY THE COURT:


S/Susan J. Dlott
Susan J. Dlott
United States District Judge